IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable A. Bruce Campbell

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ANTHONY SEMADENI, | ) | Case No. 12-17567 ABC |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ANTHONY SEMADENI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. Pro. No. 12-1678 ABC |
| | ) | |
| AURORA LOAN SERVICES, LLC, | ) | |
| AURORA BANK, FSB, WELLS FARGO | ) | |
| BANK, N.A., as Trustee for Structured | ) | |
| Adjustable Rate Mortgage Loan Trust | ) | |
| Mortgage Pass Through Certificates, Series | ) | |
| 2007-3, DALE & DECKER, LLC, and TONI | ) | |
| M.N.  DALE, ESQ, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING MOTION TO DISMISS FILED BY DEFENDANTS
AURORA LOAN SERVICES, AURORA BANK, FSB AND WELLS FARGO**

This matter comes before the Court on the Motion to Dismiss ("Motion") filed by Defendants Aurora Loan Services, ("ALS"), Aurora Bank, FSB ("Aurora Bank") and Wells Fargo Bank, N.A. as trustee for Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass Through Certificates, Series 2007-3 ("Wells") (collectively "Defendants"), and the Response filed by Plaintiff/Debtor Anthony Semadeni ("Debtor"). The Court, having reviewed the foregoing and being otherwise advised in the premises, finds as follows.

**I. The Complaint**

**A. Background and Relevant Facts**

Debtor's complaint is based primarily on Defendants' actions in connection with a public trustee's foreclosure sale of Debtor's residence. For the most part, Debtor's claims are based on discrepancies in copies of the evidence of debt that were filed with the public trustee and in related court proceedings. The following summary of events is drawn from the allegations of the complaint,

documents attached to and incorporated in the complaint, undisputed copies of documents attached to the Motion, and the Court's file.[1]

In October, 2009, a public trustee's foreclosure was commenced by ALS against Debtor's residence ("Property"). ALS asserted that it was the "owner" of a note ("Note") secured by a deed of trust on the Property. The copy of the Note submitted to the public trustee was payable to First Magnus Financial Corporation ("First Magnus"), and it had no endorsement purporting to transfer ownership of the note to ALS.[2] This foreclosure sale was withdrawn and a second foreclosure sale was commenced by ALS in February, 2011. In this proceeding, ALS represented to the public trustee that it was the "holder" of the Note, but again, the copy of the Note provided to the public trustee had no endorsements.

In connection with the second foreclosure sale, ALS filed a proceeding under Colo. R. Civ. P. 120 to obtain an order authorizing the public trustee's sale. The Rule 120 motion was filed in El Paso County District Court ("State Court"). Again ALS represented itself as the "holder" of the Note and submitted a copy of the Note with no endorsements. An order authorizing sale was entered by the State Court.

On June 6, 2011, prior to the foreclosure sale of the Property, Debtor filed a Chapter 7 bankruptcy petition, which was assigned Case No. 11-23615 ABC ("First Chapter 7 Case"). In his schedules, Debtor listed ALS as a secured creditor with a lien on the Property.

ALS filed a motion for relief from stay in Debtor's First Chapter 7 Case, seeking an order from this Court which would allow it to continue with the pending public trustee's foreclosure. The copy of the Note attached to the ALS' motion for relief from stay had two endorsements, one from First Magnus to Lehman Brothers, and a second from Lehman Brothers to ALS. Neither Debtor or his Chapter 7 bankruptcy trustee opposed the motion, and, on July 29, 2011, this Court entered an order granting ALS relief from the automatic stay, "to foreclose on and/or take possession and control of [the Property]" ("Lift Stay Order"). On August 24, 2011, the public trustee's sale was held, and ALS was the high bidder. On September 19, 2011, after receiving a confirmation deed from the public trustee, ALS commenced a forcible entry and detainer action to evict Debtor from the Property.

On October 6, 2011, Debtor filed a quiet title action against ALS, Wells, Mortgage Electronic Registry Systems, Inc., and the El Paso County Public Trustee in State Court. Debtor's quiet title complaint alleged that ALS was not the owner or holder of the Note, that ALS did not have standing to institute foreclosure proceedings, and that ALS deliberately misled the Public Trustee and the State Court in the Rule 120 action. Debtor requested a determination that the State Court's order authorizing the

---

[1] In evaluating a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Court may consider "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Alvarado v. KOB-TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007). A court may also consider facts subject to judicial notice, including its own files and records, without converting a Rule 12(b)(6) motion to a motion for summary judgment. *Tal v. Hogan*, 453 F.3d 1244, 1264 n. 24 (10th Cir. 2006).

[2] Debtor alleges that all "copies" of the Note submitted by ALS to the public trustee, the State Court, or this Court, prior to December 14, 2011, were actually copies of a copy of the Note. It is not entirely clear whether Debtor also contends that ALS was not actually in possession of the original Note prior to December 14, 2011.

Public Trustee to conduct the foreclosure sale of the Property was void and that ALS had no interest in the Property.

On December 2, 2011, Debtor's First Chapter 7 Case was closed without entry of discharge because Debtor failed to file the requisite certificate of having completed a course in personal financial management.

On December 14, 2011, ALS filed a motion to dismiss Debtor's quiet title action. Attached to this motion was yet a different copy of the Note, which contained a blank endorsement from the original payee, First Magnus.[3] On February 1, 2012, the State Court granted ALS' motion to dismiss the quiet title action. The State Court found that in the schedules filed by Debtor in his First Chapter 7 Case, Debtor failed to disclose any claims against ALS, and he listed ALS as a secured creditor with a lien on the Property. It ruled that Debtor was judicially estopped to claim that ALS was not a secured creditor in the quiet title suit and that Debtor lacked standing to bring any claims against ALS because they were property of his bankruptcy estate.

On April 17, 2012, Debtor filed another Chapter 7 bankruptcy case, Case No. 12-17567 ABC ("Second Chapter 7 Case"). On April 23, 2012, in his Second Chapter 7 Case, Debtor filed a motion to extend the automatic stay in order to prevent ALS from taking action to recover possession of the Property. ALS opposed Debtor's motion to extend the stay, saying it was the holder of the Note, and that it was in possession of the original note with a blank endorsement from First Magnus. Debtor's motion to extend stay was granted, and ALS has, to date, not sought relief from the stay in the Second Chapter 7 Case.

### B. Debtor's Claims for Relief

Debtor's complaint in this adversary proceeding is challenging to comprehend. The Court has endeavored to glean the substance of Debtor's claims for relief by construing the allegations in a light most supportive to the claims alleged. The following is the Court's best construction of the nature and bases for the six claims for relief contained in Debtor's complaint.

First, Debtor seeks declaratory relief. Debtor requests the Court to determine that its July 29, 2011 Lift Stay Order is void because Defendants have committed "evident fraud," on the Court. Debtor claims to be the owner of the Property, seeming to allege that if the Lift Stay Order is void, the public trustee's sale was in violation of the automatic stay, and the foreclosure sale and the confirmation deed issued to ALS by the Public Trustee are also void. Debtor requests the Court to "make the determination as to the validity, nature and extent of Defendants [sic] interest in the Property so that Debtor may set off Defendants [sic] claims through Debtors [sic] damage claims set forth herein and as may be determined at trial." Complaint, ¶ 103.

Debtor's Second Claim for Relief is for breach of contract against ALS and Wells. Debtor alleges that First Magnus did not loan any money to Debtor and that ALS and/or Wells are liable for First

---

[3] This copy of the Note contains no marking from the August 24, 2011 public trustee sale indicating that the indebtedness evidenced by the Note was cancelled or reduced by the holder, ALS', successful credit bid at the foreclosure sale of the Property.

3

Magnus' breach of the loan contract as successors in interest to First Magnus.  Debtor claims unspecified damages resulting from the breach of contract by ALS and Wells.

Debtor's Third Claim for Relief is against ALS, Aurora and Wells for breach of the implied duty of good faith and fair dealing.  Debtor alleges that ALS, Aurora, and/or Wells are liable as successors in interest to First Magnus and that there was a "failure of consideration as to the transfer of assets to Wells from First Magnus."  Complaint, ¶ 116.  Debtor asserts that ALS and/or Wells "attempted to re-contract with Debtor in relation to a purported obligation that they knew or should have know had been extinguished by the failure of First Magnus." Complaint, ¶ 119.

Debtor's Fourth Claim for Relief is for abuse of legal and regulatory process.  Debtor alleges that Defendants used "non-judicial administrative legal process to obtain property without lawful standing to do so."  Complaint, ¶ 123.  Debtor alleges that Defendants knowingly or negligently submitted incorrect evidence of their debt to this Court, the State Court and the Public Trustee.  Debtor claims unspecified damages.

Debtor's Fifth Claim for Relief is for damages, injunctive and declaratory relief for Defendants' alleged violation of Civil RICO statutes. Debtor alleges Defendants committed actions prohibited by the Civil RICO statutes when they "[stole] the equity in Debtor's Property through the use of false representations, perjury, conversion, sham pleadings [and] manufactured evidence."  Complaint, ¶ 132.  Debtor also claims that Defendants have engaged in a pattern of intentional infliction of emotional distress.

Defendant's Sixth Claim for Relief is for an accounting of all funds paid by Debtor to Defendants.

In his wherefore clause, Debtor requests a declaration that the Lift Stay Order and the Public Trustee's confirmation deed are void, an order quieting title to the property to Debtor, a determination that the original loan is void for lack of consideration, injunctive relief against continued violations of RICO, actual, treble, and punitive damages, and other relief.

## II.  The Motion to Dismiss

Defendants assert three general arguments in support of their Motion.  First, according to the preclusion doctrines of *res judicata* and collateral estoppel, Defendants assert that Debtor is barred from relitigating the issues actually litigated and decided in the quiet title action, as well as all claims that could have been brought by Debtor against ALS and Wells in that case. Defendants assert that all of Debtor's claims to set aside the foreclosure, to void the public trustees's deed, and any claims challenging ALS' title to the property are precluded from being raised in this adversary proceeding.

Next Defendants argue that Debtor's claims which seek, in essence, to undo the foreclosure sale are claims  brought by a state court loser complaining of injuries caused by a prior state court judgment who seeks federal court review and reversal of the unfavorable state court judgment.  These claims, Defendants assert, are barred by the *Rooker-Feldman* doctrine.

Defendants also maintain that each of Debtor's six claims for relief lack essential factual or legal elements, and therefore Debtor has failed to state any claims upon which relief can be granted.

### III. Discussion

#### A. Standards for Determination of a Motion under Fed. R. Civ. P. 12(b)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the legal sufficiency of the complaint assuming all the factual allegations in the complaint are true. *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994). In making this determination, the court must determine whether the complaint contains enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must accept the facts alleged in the complaint as true, even if they are doubtful, *Twombly,* 550 U.S.. at 555-556, and it must make all reasonable inferences in favor of the plaintiff. *Tal v. Hogan,* 453 F.3d 1244, 1252 (10th Cir. 2006). When considering dismissal for lack of standing or on a facial attack on subject matter jurisdiction under Rule 12(b)(1), the court must also assume the material facts in the complaint are true and construe the complaint in favor of the plaintiff. *U.S. v. Rodriguez-Aguirre*, 264 F. 3d 1195, 1203 (10th Cir. 2001); *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

#### B. Debtor May Not Relitigate Claims Relating to ALS' Title to the Property and ALS' Standing to Foreclose

##### 1. Prior Final Judgment in Quiet Title Action

In his complaint Debtor alleges that, on October 5, 2011, he filed a quiet title complaint in State Court**,** that ALS and Wells moved to dismiss the quiet title complaint, that the State Court granted the motion to dismiss, and that Debtor filed a motion to reconsider the dismissal which was denied. Complaint, ¶ 64-71. Debtor refers to ALS' and Wells' motion to dismiss and the State Court's order dismissing the quiet title action in his instant complaint and states that these documents are attached as Exhibits "I" and "J."[4] Defendants have attached to their Motion a copy of the Debtor's quiet title complaint, and Debtor does not dispute that the copy is accurate.

The quiet title complaint alleged, among other things, that the ALS never owned the Note, that it deliberately misled the Public Trustee and the State Court as to ALS' standing to institute a foreclosure sale, that the Note was not in default, and that ALS' and Wells had no lawful interest in the Property. Debtor requested the State Court to enter an order determining that the foreclosure sale was void, that ALS' and Wells had no right or interest in the Property, and that Debtor was the owner of the Property.

The State Court's order dismissing all of Debtor's claims in the quiet title action is a final judgment entitled to preclusive effect as determined under Colorado law. Rules for application of preclusion principles are determined by the law of the forum in which the prior judgment was rendered. *Marrese v. American Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). Thus, a judgment is

---

[4] In fact, the motion to dismiss and the State Court's Order are Exhibits I and J to Defendant's Motion for Temporary Restraining Order, filed contemporaneously with the Complaint. See, Docket #3 in Adversary Proceeding No. 12-1678.

afforded the same preclusive effect in a subsequent action brought in a different forum that it would be afforded if the latter action were brought in the original forum.

### 2. Claim Preclusion (*Res Judicata*)

Under Colorado law, claim preclusion "works to preclude the relitigation of matters that have already been decided as well as matters that could have been raised in a prior proceeding but were not." *Argus Real Estate, Inc. v. E-470 Public Highway Authority*, 109 P.3d 604, 608 (Colo. 2005). It requires: (1) finality of the first judgment, (2) identity of the subject matter, (3) identity of the claims for relief, and (4) identity or privity between the parties in both actions. *Id.*

The State Court's order dismissing Debtor's quiet title action is a final judgment and ALS, Wells, and the Debtor were parties to the quiet title action. Thus Debtor is precluded from relitigating against ALS and Wells any claims that were or could have been brought in the quiet title action. In determining whether there exists identity of claims for relief in this case and in the quiet title action, the court must focus on the injury for which relief is sought. "[C]laim preclusion bars relitigation . . . of all claims that might have been decided if the claims are tied by the same injury." *Id.* at 609. "[O]nce a judgment is entered . . . it 'extinguishes the plaintiff's claim . . . includi[ing] all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" *Id.* (quoting *Restatement (Second) of Judgments* § 24 (1982)).

Claim preclusion thus bars Debtor from asserting against ALS and Wells any claims for relief with respect to the transaction or transactions out of which the quiet title action arose. This includes all claims that ALS's foreclosure sale was void because of fraud on the public trustee or fraud in the Rule 120 action, and all claims that ALS' foreclosure was void because ALS lacked standing to initiate the power of sale under the deed of trust securing the Note. These claims have already been decided against Debtor in the quiet title action. Debtor's claims against ALS and Wells for breach of the implied duty of good faith and fair dealing, abuse of process, civil RICO, and accounting are also barred by claim preclusion to the extent they relate to ALS's actions in connection with the public trustee's sale of the Property.

### 3. Issue Preclusion (Collateral Estoppel)

Issue preclusion, or collateral estoppel, precludes parties to a previous action from relitigating issues of fact or law actually litigated and determined by a valid and final judgment. *Restatement (Second) of Judgments* § 27 (1982). Under Colorado law, the following elements must be shown in order for issue preclusion to apply: (1) the issue precluded is identical to an issue actually litigated and necessarily adjudicated in the prior proceeding; (2) the party against whom estoppel was sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *McNichols v. Elk Dance Colorado, LLC,* 139 P.3d 660, 667 (Colo. 2006). According to Colorado law, an issue is "actually litigated" if the parties raised the issue in the prior action, the issue was submitted for determination, and the issue was actually determined by the adjudicatory body. *Bebo Constr. Co. v. Mattox & O'Brien, P.C.*, 990 P.2d 78, 85 (Colo. 1999). "Necessarily adjudicated" means that the determination of an issue was necessary to the judgment. *Id.* at 86.

In some jurisdictions, where there are multiple alternative findings which are each independently sufficient to support a judgment, none of the findings is accorded issue preclusive effect in a later case. This position is based on comment i. to § 27 of the Restatement (Second) of Judgments and is directly contrary to the position of the First Restatement of Judgments. The Second Restatement position has been the subject of criticism by many courts. The Colorado Supreme Court has not ruled on this issue, but in *Stanton v. Schultz*, 222 P.3d 303, 308 (Colo. 2010), it recognized the criticism of and declined to adopt the Second Restatement position, instead affirming the judgment below on a different ground. "When the federal courts are called upon to interpret state law, the federal court must look to the rulings of th highest state court, and, if no such rulings exist, must endeavor to predict how that high court would rule." *Johnson v. Riddle*, 305 F.3d 1107, 1118 (10th Cir. 2002). In light of the Colorado Supreme Court's reluctance to adopt the Second Restatement position in *Stanton v. Schultz*, and its acknowledgment of the criticism of that rule, this Court predicts that it would not deny preclusive effect in this case to the State Court's finding that Debtor was judicially estopped to deny ALS' standing to foreclose, even though the State Court also made an alternative finding that Debtor lacked standing to pursue his claims.

Accordingly, Debtor is precluded from relitigating, against any of the Defendants (even those not parties to the quiet title action), whether ALS had standing to foreclose and whether it committed any fraud in connection with the foreclosure sale. These issues were actually litigated and decided against Debtor in the quiet title suit. Debtor is precluded from relitigating his claims against any of the Defendants for declaratory relief, abuse of process, and civil RICO to the extent they are based on allegations of ALS' fraud in the foreclosure proceeding or lack of standing to institute the foreclosure.

### C. Debtor Lacks Standing to Pursue Claims Arising Prior to the Filing of His Chapter 7 Cases

Debtor's complaint does not specify when his claims for damages for breach of contract, breach of the duty of good faith and fair dealing, abuse of process, or civil RICO arose. However, to the extent those claims arose prior to June 6, 2011, these claims are assets of the estate in his First Chapter 7 Case. Since the claims were not listed by Debtor in his schedules in that case, they were not abandoned to Debtor when the First Chapter 7 Case was closed on December 2, 2011, and remain property of that estate. 11 U.S.C. § 554(c) and (d). Debtor lacks standing to prosecute these claims. *Clark v. Trailiner Corp.*, 242 F.3d 388 (10th Cir. 2000)(unpublished decision)(citing *Vreugdenhill v. Navistar Int'l Transp. Corp.* 950 F.2d 524, 526 (8th Cir. 1991)(chapter 7 debtor who failed to schedule potential claim cannot prosecute claim after emerging from bankruptcy)).

To the extent the claims arose on or after June 6, 2011, but prior to April 17, 2012, the claims are assets of the estate in Debtor's Second Chapter 7 Case. Debtor did not list the claims in his Second Chapter 7 case, they have not been abandoned, and the case remains open. Debtor lacks standing to assert these claims; they may be prosecuted only by the Chapter 7 trustee of his Second Chapter 7 Case.[5]

---

[5] Debtor admits in his complaint that his "damage claims are an asset of the estate and must be determined prior to discharge by the Trustee." Complaint, ¶ 7.

### D. This Court Lacks Subject Matter Jurisdiction Over Debtor's Post-Petition Claims Against Defendants

To the extent that any of Debtor's claims against any of the Defendants arose after April 17, 2012, they are not assets of either of Debtor's bankruptcy estates, and the claims have no connection to or effect on either case. Accordingly, the United States District Court, and this Court by reference therefrom, lack subject matter jurisdiction to entertain such claims under 28 U.S.C. § 1334(a) or (b). See, *Professional Home Health Care, Inc. v, Complete Home Health Care, LLC (In re Professional Health Care, Inc.)*, 2002 WL 1465914 (Bankr. D. Colo. 2002); *Gardner v. United States (In re Gardner)*, 913 F.2d 1515 (10th Cir. 1990); *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir. 1984).

### E. Debtor's Claims of Fraud on this Court are Untimely or Insufficient as a Matter of Law

As noted above, Debtor's complaint is not entirely clear as to the basis for his request for injunctive and declaratory relief concerning title to the Property. It does appear, however, that at least part of the theory of Debtor's complaint is that this Court's Lift Stay Order was entered as a result of fraud on this Court, and accordingly, the order should declared void; it should be determined that the automatic stay was never effectively lifted; and the foreclosure sale should be declared void as in violation of the automatic stay.

Pursuant to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60(b)(3) and (c)(1), a motion for relief from an order based on fraud must be brought "no more than a year after the entry of the . . . order." Here the order from which Debtor seeks relief was entered on July 29, 2011. His complaint in this adversary proceeding was filed more than one year later, on October 12, 2012. Debtor may not proceed under Rule 60(b)(3) to obtain the relief he seeks.

Rule 60(d) contemplates two other avenues for relief from fraud on the court: an independent action for relief from an order, or invoking the inherent power of a court to set aside its judgment if procured by fraud. *U.S. v. Buck*, 381 F.3d 1336, 1341 (10th Cir. 2002). The Supreme Court has strictly limited the availability of an independent action to situations where it is necessary to prevent a "grave miscarriage of justice." *U.S. v. Beggerly*, 524 U.S. 38, 47 (1998). The "fraud on the court" necessary to support either an independent action or to invoke the inherent power of a court is "fraud which is directed to the judicial machinery itself  . . .  not fraud between the parties or fraudulent documents, false statements or perjury." *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985). "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated," is sufficient for this type of relief. *U.S. v. Buck*, 281 F. 3d at 1342, quoting *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996). In addition, fraud on the court sufficient to invoke the court's inherent power or to support an independent action to set aside an order "requires a showing that one has acted with an intent to deceive or defraud the court [and] the fact that misrepresentations were made to a court is not of itself . . . sufficient." *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1267 (10th Cir. 1995).

Debtor has alleged that the attorneys representing ALS in the First Chapter 7 Case represented to this Court that an exhibit to their motion for relief from stay was a copy of the original Note, when in fact, the document was apparently a copy of a copy of the Note. This misrepresentation by ALS' attorneys would be "fraud on the court" sufficient to retroactively declare the Lift Stay Order void only if

the attorneys and ALS intended to deceive this Court into believing that ALS had standing to request relief from stay when in fact it did not. Debtor's fraud on the court theory fails on this last point. The State Court litigated and determined the issue of ALS' standing to foreclose in the quiet title action. Debtor is precluded from claiming in this adversary proceeding that ALS' lacked standing, and thus is precluded from establishing ALS or its attorneys had the intent to deceive this Court sufficient to justify relief from the Lift Stay Order.

### IV. Conclusion

There are overlapping reasons that the claims in Debtor's complaint are subject to dismissal under Rule 12(b). They may be summarized as follows.

The Debtor's First Claim for Relief fails to state a claim for fraud on this Court sufficient to set aside the Lift Stay Order, and to the extent it seeks a declaration that the State Court's order authorizing sale was void or that ALS lacked standing to foreclose, it is barred by the doctrines of claim and/or issue preclusion.

Debtor lacks standing to bring his Second Claim for Relief for breach of contract because this claim remains property of the estate in either his First or Second Chapter 7 case.

Debtor's Third Claim for Relief for breach of the duty of good faith and fair dealing, his Fourth Claim for Relief for damages for abuse of process, his Fifth Claim for Relief for damages and equitable relief for civil RICO violations, and his Sixth Claim for Relief for an accounting must be dismissed because Debtor lacks standing to bring any such claims which arose prior the filing of his Second Chapter 7 case, and this Court lacks subject matter jurisdiction over the claims arising after the filing of Debtor's Second Chapter 7 case.

To the extent Debtor's Third, Fourth, Fifth and Sixth claims for relief depend on the allegation that ALS' did not have standing to institute foreclosure proceedings, or that ALS committed fraud on the Public Trustee or the State Court, the claims are barred by the doctrine of issue preclusion. As to ALS and Wells, they are also barred by the doctrine of claim preclusion.

Accordingly, it is

ORDERED that Defendants' Motion to Dismiss is granted and Debtor's complaint is dismissed.

Dated: March 29, 2013

BY THE COURT:

_____
A. Bruce Campbell
United States Bankruptcy Judge